# Exhibit 1

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **PATRICIA BEACH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **WAL-MART STORES, EAST, LP,** ) | |
| **PRIMO WATER OPERATIONS INC.** ) | |
| **and DS SERVICES OF AMERICA INC.** ) | |
| **a.k.a. DS WATERS of AMERICA INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## **COMPLAINT**

Come now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff Patricia Beach is a resident of the State of Tennessee, residing in Davidson County.

2. The Defendant, Wal-Mart Stores, East, LP, is a for-profit, foreign Limited Partnership doing business in Tennessee with its principal office of business located at 702 SW 8H Street, Bentonville, AR 72716-0555, and can be served through its registered agent CT Corporation System at 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

3. The Defendant, Primo Water Operations Inc., is a for-profit, foreign Limited Partnership doing business in Tennessee with its principal office of business located at 101 N. Cherry St., Suite 501, Winston Salem, NC 27101-4080, and can be served through its registered agent Cogency Global Inc. at 992 Davidson Dr., Suite B, Nashville, TN 37205-1051.

4. The Defendant, DS Services of America Inc. a.k.a. DS Waters of America Inc., is a for-profit, foreign Limited Partnership doing business in Tennessee with its principal office of business located at 2300 Windy Ridge Pkwy SE, Suite 500N, Atlanta, GA 30339-8577, and can be served through its registered agent Registered Agent Solutions Inc. at 992 Davidson Dr. Nashville, TN 37205-1051.

5. This Complaint concerns a slip and fall incident which occurred at the Wal-Mart store doing business in Davidson County Tennessee at 2232 Gallatin Pike N., Madison, TN 37115.

6. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $500,000.00, for compensatory damages to the Plaintiff Patricia Beach.

7. On or about August 17, 2019, the Plaintiff Patricia Beach enter said Wal-Mart as an invited guest.

8. At all times material to this cause of action, the Plaintiff was a customer on the Defendant's premises.

9. As the Plaintiff navigated through the store, she slipped/fell on water. There were no signs or warnings of the hazardous conditions, Mrs. Beach suffered serious personal injuries.

10. The Defendants' through their officers, agents, employees and service knew or should have that there was a wet substance on the floor and this constitutes a hazardous and unreasonably dangerous condition.

11. The Defendants, through their officers, agents, employees and servants, knew or should have known that the dangerous condition posed an unreasonable and foreseeable risk of injury to the Plaintiff, other customers, and others who used this facility. The Defendants are negligent in that they failed to notify, inform, or warn the Plaintiff or other customers about the hazardous and unreasonably dangerous condition.

12. The Defendant Walmart, through its officers, agents, employees and servants, were negligent in that they failed to maintain the premises in a reasonably safe condition. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendants' breach of its duty to maintain its premises in a reasonably safe condition.

13. The Defendants, Primo Water Operations Inc. and DS Services of America Inc., through its officers, agents, employees, and servants, were negligent in that they created the hazardous condition and failed to take action to correct it or report it to Walmart employees. Through the above-listed acts and omissions, the Defendant failed to use the ordinary care that ordinarily careful persons would use to avoid injury to others under the same or similar circumstances. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendants' actions.

14. Through the above-listed acts and omissions, the Defendants failed to use the ordinary care that ordinarily careful persons would use to avoid injury to others under the same or similar circumstances.

15. Through the exercise of ordinary care, Defendants' knew or should have known of the unsafe condition of the wet floor to have corrected the condition before Plaintiff's injury, and the condition existed long enough that the Defendants, using

ordinary care, should have discovered and corrected the unsafe condition even if it did not have actual knowledge.

16. On the date specified, the wet floor was dangerous, hazardous and unsafe creating an unreasonable risk of harm.

17. On the dated specified, the Defendants and their employees, agents, or representatives created a hazardous, dangerous, and unsafe condition as they were in control of the area and knew or should have known that it created an unreasonable risk of harm and proximately cause the Plaintiff to suffer personal injuries.

18. On the date specified, the Defendants and their employees, agents, representatives were negligent in that they: (a) knew or should have known that there was water on the floor, constituting a dangerous, hazardous, and unsafe condition; (b) failed to clean or mop to remove the dangerous, hazardous, and unsafe condition; (c) failed to provide warning signs and/or notice regarding the condition of the floor; (d) created said dangerous, hazardous, and unsafe condition and failed to address it and make it safe in a timely manner; (e) failed to properly and timely inspect the area where the Plaintiff was injured and address the dangerous, hazardous, and unsafe condition in a timely manner; and (f) failed to exercise due and reasonable care.

19. As a proximate result of the Defendants' negligence, gross negligence or recklessness, the Plaintiff, Patricia Beach, suffered and continue to suffer injuries and damages as follows: pain and suffering, future pain and suffering, medical expenses, future medical expenses, and loss of enjoyment of certain employment, social and recreational activities, emotional distress, and permanent damages for all of which she deserves to be compensated.

20. During all relevant times herein, all acts of the Defendant's officers, agents, employees, and/or servants are imputed to the Defendant via the doctrine of *respondeat superior*. The Defendant is responsible negligent acts and omissions of its employees, agents, and/or representatives pursuant to Tenn. Code Ann. § 29-20-205.

21. As a result of the injuries suffered and damages incurred by the Plaintiff, the Defendants' are liable to the Plaintiff for the aforementioned losses.

## PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Procedure.

2. That the Plaintiff be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed $500,000.00.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

*/s/ Andrea Stilgenbauer*
Andrea Stilgenbauer, BPR #35253
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776