IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICIA BEACH,                          )
                                         )
        Plaintiff,                       )        NO. 3:20-cv-00627
                                         )
v.                                       )        JUDGE RICHARDSON
                                         )
WAL-MART STORES, EAST, LP, et al.,       )
                                         )
        Defendant.                       )

## MEMORANDUM OPINION

Pending before the Court are separate motions to dismiss filed by two of the three Defendants in this case, Primo Water Operations, Inc. ("Primo") and DS Services of America, Inc. ("DS Services"). One such motion is Primo's "Motion to Dismiss for Failure to State a Claim or Alternatively for a More Definite Statement." (Doc. No. 9, "Primo's Motion"), to which Plaintiff Patricia Beach has responded. (Doc. No. 14). The other such motion is DS Services' "Motion for More Definite Statement, or, in the Alternative, Motion to Dismiss and Strike Plaintiff's Complaint" (Doc. No. 11, "DS Services' Motion"), to which Plaintiff has responded, (Doc. No. 15), and DS Service's replied. (Doc. No. 16). For the below-stated reasons, both motions will be GRANTED in part, and Plaintiff will be required to provide a more definite statement.

## ALLEGATIONS

The only non-conclusory factual allegations in Plaintiff's Complaint concerning the alleged incident underlying Plaintiff's claim are as follows:

> 7. On or about August 17, 2019, the Plaintiff Patricia Beach enter said Wal-Mart as an invited guest.

> …

1

9. As the Plaintiff navigated through the store, she slipped/fell on water. There were no signs or warnings of the hazardous conditions, Mrs. Beach suffered serious personal injuries.

In the Court's view, literally everything else is conclusory, boilerplate, or both. As for the factual allegations that specifically address the particular role of Primo and DS Services (as opposed to the role of co-defendant Wal-Mart Stores East, LP or the role of "Defendants" as a group) in causing this accident, they are all conclusory and/or boilerplate, and sparse at that. The only such factual allegation is:

13. The Defendants, Primo Water Operations Inc. and DS Services of America Inc., through its officers, agents, employees, and servants, were negligent in that they created the hazardous condition and failed to take action to correct it or report it to Walmart employees. Through the above-listed acts and omissions, the Defendant failed to use the ordinary care that ordinarily careful persons would use to avoid injury to others under the same or similar circumstances. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendants' actions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Federal courts generally disfavor motions for more definite statements" and "rarely grant such motions . . . [i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery . . . ." *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007); *see also McClanahan v. Medicredit, Inc.*, No. 3:19-cv-00163, 2019 WL 1755504, at *1 (M.D. Tenn. Apr. 19, 2019) (same). However, a motion under Rule 12(e) may be granted where the complaint fails to meet the pleading requirements of Rule 8(a)(2). *See Acosta v. Peregrino*, No. 3:17-cv-01381, 2018 WL 2045938, at *1 (M.D. Tenn. May 2, 2018); *Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003) ("Mindful that all litigants are entitled to proper notice pleading under Rule 8(a), . . . the court will grant relief pursuant to Rule 12(e)

where the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a response.'" (alteration in original) (quoting Fed. R. Civ. P. 12(e))).

Rule 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

## ANALYSIS

Here, Plaintiff's Complaint fails to meet the pleading requirements of Rule 8(a)(2) as to Defendants Primo and DS Services. As noted above, the only non-conclusory allegations in Plaintiff's Complaint indicate that Plaintiff entered the Wal-Mart store on August 17, 2019, and thereafter "slipped/fell on water." (Doc. No. 1-1 at ¶¶ 7, 9). These allegations do not plausibly suggest relief as to Defendants Primo and DS Services, because these allegations simply do not inform or suggest how these defendants had any relation to the store or the water in the floor. One might speculate based on the inclusion of the word "water" in the full names of both Primo and DS Services, but one should not have to; instead, the Complaint must provide at least enough information to indicate why Primo and DS Services might be liable for the accident alleged. Thus, the Complaint does not provide "'sufficient factual matter' to render the legal claim [against Primo and DS Services, at least] plausible." *Fritz*, 592 F.3d at 722 (citing *Iqbal*, 556 U.S. at 677).

Plaintiffs argue that the following allegation in the Complaint (included above but restated here) suffices to state a claim against Primo and DS Services:

The Defendants, Primo Water Operations Inc. and DS Services of America Inc., through its officers, agents, employees, and servants, were negligent in that they

3

created the hazardous condition and failed to take action to correct it or report it to Walmart employees. Through the above-listed acts and omissions, the Defendant failed to use the ordinary care that ordinarily careful persons would use to avoid injury to others under the same or similar circumstances. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendants' actions.

(Doc. No. 1-1 at ¶ 13). Plaintiff describes this allegation as a "factual allegation" that "assert[s] or suggest[s] Primo [and DS Services] had [a] connection . . . to the water allegedly on the floor." (Doc. No. 14 at 5). Thus, according to Plaintiff, "[t]he Complaint in its present case sets for a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (*Id.*).

The allegation Plaintiff relies on is nothing more than a legal conclusion that need not be accepted as true. *Iqbal*, 556 U.S. at 678 (explaining that a legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient). Additionally, even accepting this allegation as true, it does not explain what relationship either Primo or DS Services had to the water allegedly on the floor of the store. It may be enough for a complaint to merely "suggest a connection to the water on the floor," if the *nature* of the connection is adequately suggested, but here there is no suggestion at all as to what that connection is. Therefore, this allegation is insufficient to plausibly allege negligent conduct, or other basis for tort liability, on the part of Primo or DS Services. Thus, Plaintiff's Complaint requires additional specificity in order for Primo and DS Services to properly respond to the allegations and Primo and DS Services' request for a more definite statement will be granted.

Primo's primary request, and DS Services' alternative request, is for dismissal pursuant to Rule 12(b)(6), and such request is certainly not frivolous. However, the Court finds that this case is one better suited for the ordering of a more definite statement, rather than dismissal, as the Court is concerned about dismissing potentially meritorious claims when the claimant (Plaintiff) is not

directly at fault for the insufficiency of the allegations. Additionally, the Court finds that ordering a more definite statement, rather than dismissal, is more appropriate in this instance because this case was removed to this Court from state court, and no one has made any argument as to whether the Complaint's allegations were insufficient under the (Tennessee) pleading standards governing the court in which the Complaint originally was filed. Accordingly, the request for dismissal pursuant to Rule 12(b)(6) will be denied.

## CONCLUSION

For the above-mentioned reasons, Primo's Motion (Doc. No. 9) and DS Services' Motion (Doc. No. 11) will be GRANTED in part and DENIED in part. The request for dismissal pursuant to Rule 12(b)(6) will be denied, but the request for a more definite statement will be granted. Plaintiff shall file a more definite statement, in the form of an amended complaint, alleging more factual matter in support of her negligence claim, within 14 days of entry of this order. *See* Rule 12(e). The Court declines to suggest any particular nature or extent of the additional factual matter Plaintiff should include, except to say that she should be aware that the amended complaint should do what the original complaint did not: satisfy the pleading standards set forth in the Federal Rules of Civil Procedure and *Iqbal* (among other cases).

Plaintiff shall entitle her filing "Amended Complaint." Defendants will have 14 days after the filing of the Amended Complaint in which to respond to it.

An appropriate order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5